IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| David A. Slatton, | ) |
|               Plaintiff, | ) Civil Action No. 6:14-3351-HMH-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Wade S. Slatton, | ) |
|               Defendant. | ) |

The plaintiff is a resident of Greenville, South Carolina. The defendant, who is apparently related to the plaintiff, resides in northwestern Greenville County, which has a Landrum mailing address. The "STATEMENT OF CLAIM" portion of the complaint reveals that this civil rights action arises out of an alleged verbal promise to return real property to the plaintiff:

> Defendant promised to return land by verbal agreement I've got a witness.
>
> The defendant said that he would return the land anytime. I'm suing the defenant [sic] to return of 8.7 acres at 1641 Hwy. 414.

(Doc. 1 at 3–4). In his prayer for relief, the plaintiff seeks a court order directing the defendant to "release the deed to the property of 8.7 acres located at 1641 Hwy. 414" (doc. 1 at 4).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The plaintiff is a *pro se* litigant, and thus the plaintiff's pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's

allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

There is no basis for federal question jurisdiction in this case under 28 U.S.C. § 1331 because the defendant, as a private citizen who allegedly made a verbal contract with the plaintiff, has not acted under color of state law. *See American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999).

This federal court does not have diversity jurisdiction to consider any state law claims because the plaintiff and the defendant are both citizens of South Carolina. *See* 28 U.S.C. § 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). The above-captioned case should be dismissed *without prejudice* under Fed. R. Civ. P. 12(h)(3), which provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the notice on the next page.

August 21, 2014                                                                  s/ Kevin F. McDonald
Greenville, South Carolina                                              United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).